IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Leon Hunt as Personal Representative of
ESTATE OF JOHN PAUL O'NEAL,
Deceased, BARBARA O'NEAL, and
JEFFREY SHAYNE GOTREAUX,

    Plaintiffs,

vs.                                                                                No. 1:18-cv-1077-KG-JFR

JUST IN TIME CARGO, INC., a California
Corporation, Individually and d/b/a JITC, and
LUCAS RICHARD FODOR, an Individual, and
JAMES YARROW, GLOBAL MAIL, INC.,
DEUTSHCE POST DHL and DHL
INTERNATIONAL GmbH,

    Defendants.

-CONSOLIDATED WITH-

D. Maria Schmidt as Personal Representative
of ESTATE OF JOHN PAUL O' NEAL, Deceased,

    Plaintiff,

vs.                                                                                No. 1:19-cv-1067-KG-JFR

JUST IN TIME CARGO INC, a California
Corporation, Individually and d/b/a JITC, and
LUCAS RICHARD FODOR, an Individual,

    Defendants.

<u>ORDER TO SHOW CAUSE</u>

    This matter comes before the Court *sua sponte*. On October 12, 2021, Plaintiff Leon Hunt filed its "Motion for Partial Summary Judgment" (Doc. 148) under seal. To date, Plaintiff has not sought the Court's leave to file this document under seal, nor has either party filed any

pleading with the Court explaining why the document is sealable, or why redaction per Federal Rule of Civil Procedure 5.2 would be appropriate.

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). "Although this right is not absolute, there is a strong presumption in favor of public access . . . particularly . . . where the district court use[s] the sealed documents to determine litigants' substantive legal rights." *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (citation and quotation marks omitted). "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quotation marks omitted). "[T]he district court, in exercising its discretion, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Pickard*, 733 F.3d at 1302 (quotation marks omitted). "Whether a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker v. Fed. Bureau of Prisons*, 315 Fed. Appx. 752, 755 (10th Cir. 2009). "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption." *Colony Ins. Co.*, 698 F.3d at 1241 (quotation marks omitted).

Here, neither party has advanced any interest in keeping Plaintiff's Motion confidential that outweighs the strong presumption in favor of public access to this judicial record. In fact, Plaintiff Maria Schmidt has made similar filings neither under seal nor redacted. *See* (Docs. 68, 114).

In light of the foregoing, the Court hereby ORDERS Plaintiff Leon Hunt to show cause, in writing, by **Wednesday, October 20, 2021,** why his Motion (Doc. 148) should be sealed, and

also why he failed to file a contemporaneous written motion for leave to file this document under seal. Plaintiff Hunt's response to this Order shall explain why, if at all, redaction would be inappropriate for his Motion. The Court advises that if neither party proffers an explanation for why the Motion should be sealed as required by this Order, the Court will unseal the Motion without further notice on **Monday, October 25, 2021**.

    IT IS SO ORDERED.

 

_____
UNITED STATES DISTRICT JUDGE