IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Leon Hunt as Personal Representative of
ESTATE OF JOHN PAUL O'NEAL,
Deceased, BARBARA O'NEAL, and
JEFFREY SHAYNE GOTREAUX,

    Plaintiffs,

vs.                                                                                                                   No. 1:18-cv-1077-KG-JFR

JUST IN TIME CARGO, INC., a California
Corporation, Individually and d/b/a JITC, and
LUCAS RICHARD FODOR, an Individual, and
DEUTSHCE POST DHL and
DHL INTERNATIONAL GmbH,

    Defendants.

## ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte*. The Court previously entered an Order to file closing documents or show cause why an extension was necessary. (Doc. 183). Plaintiffs timely and collectively responded. (Doc. 184). Magistrate Judge Robbenhaar subsequently held a telephonic status conference on November 17, 2022. (Doc. 186).

In both the response and at the status conference, Plaintiffs represent, in short, that (1) all parties have agreed—at least in principle—to a settlement, but that (2) the Plaintiffs are unable to finalize the settlement because of an allocation dispute. (Doc. 184) at 2–3, ¶¶ 5–8; (Doc. 186) at 2. Mr. Hunt states that the issue regards how to distribute proceeds of the wrongful death estate of John Paul O'Neal between the decedent's mother, Barbara O'Neal (an individually named party to this action based on loss of consortium) and the decedent's alleged son, Evan O'Neal (not a party). (Doc. 184) at ¶ 8; (Doc. 186) at 2. Paternity of Evan O'Neal is the root dispute

1

affecting the identification of and distribution to estate beneficiaries. (Doc. 186) at 2–3. Though this issue was previously addressed in the Court's Memorandum Opinion and Order entered January 4, 2022, (Doc. 156), Mr. Hunt now re-asserts his request that this Court adjudicate the paternity dispute, (Doc. 184) at ¶ 8 and (Doc. 186) at 3.

Given that the parties have agreed to a settlement, (Doc. 184) at ¶ 5 and (Doc. 186) at 2, given that Defendants have stated they would prefer to be dismissed from the case, (Doc. 186) at 3, and given the Court's prior treatment of the law governing distribution of proceeds to estate beneficiaries, the Court's view is that this case is ready to be dismissed or, if not, should be set for trial.

The Court, therefore, orders Mr. Hunt to show cause in writing why this case should not be dismissed, or in the alternative, why it should not be set for trial. The response shall address the status of the settlement—for example, if any releases have been signed and what issues, if any, remain between the Plaintiffs and Defendants. It shall also provide support for Mr. Hunt's contention that the settlement must be approved by the Court. (Doc. 184) at ¶ 7.

If Mr. Hunt argues for not dismissing any Plaintiffs, then the response shall address how this Court could properly have jurisdiction over the paternity dispute given the domestic relations exception to federal jurisdiction. *Leathers v. Leathers*, 856 F.3d 729, 756 (10th Cir. 2017). It shall also address how this Court has jurisdiction over distribution of estate proceeds given that disputes between personal representatives and potential beneficiaries are separate causes of action, authorized by state law, arising after determination of damages, and involving a party not currently part of this action. *See* New Mexico Wrongful Death Act, NMSA 1978, §§ 41-2-1 *et seq.*; *Dominguez v. Rogers*, 1983-NMCA-135, ¶ 19; *Harris v. Illinois-California Exp., Inc.*, 687 F.2d 1361, 1369 (10th Cir. 1982); *also* (Doc. 156) at 5–8.

Mr. Hunt's response to this Order is due by **5:00 p.m. on Wednesday, November 30**.

Defendants will be permitted, but not required, to respond to Mr. Hunt's brief **by 5:00 p.m. on Wednesday, December 7**.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE