IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Leon Hunt as Personal Representative of
ESTATE OF JOHN PAUL O'NEAL,
Deceased, BARBARA O'NEAL, and
JEFFREY SHAYNE GOTREAUX,

    Plaintiffs,

vs.      No. 1:18-cv-1077-KG-JFR

JUST IN TIME CARGO, INC., a California
Corporation, Individually and d/b/a JITC, and
LUCAS RICHARD FODOR, an Individual, and
DEUTSHCE POST DHL and
DHL INTERNATIONAL GmbH,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Response to Order to Show Cause (Doc. 189). The Court previously ordered Mr. Hunt to show cause in writing why this case should not be dismissed or, in the alternative, why it should not be set for trial. (Doc. 188). That Order followed from a previous Response to Order to Show Cause why closing documents had not been submitted and a status conference, in both of which Plaintiffs represented, in short, that (1) all parties had agreed—at least in principle—to a settlement, but that (2) the Plaintiffs were unable to finalize the settlement because of an allocation dispute. (Doc. 184) at 2–3, ¶¶ 5–8; (Doc. 186) at 2.

Now, in the most recent response, Mr. Hunt represents that

> [t]he parties have agreed to a settlement. However, settlement has not been finalized due to a dispute regarding who is, or more properly, who is not, a proper beneficiary under New Mexico's Wrongful Death Act. Simply put, Cherilyn Lane, mother of

1

> minor Evan O'Neal, again fraudulently asserts entitlement to money claiming Evan is John's son, a claim indisputably refuted by DNA testing in both Florida and Alabama when Decedent John O'Neal was living. Respectfully, this is not a paternity dispute. It is Cherilyn Lane's third bite at the same tired apple except now it is the "spoils of a death claim" she seeks instead of child support.

(Doc. 189) at 2, ¶ 3. Mr. Hunt also asserts that "this Court is in the best position to resolve the matter and judicial economy would be best served by same." *Id.* at 3, ¶ 5. Mr. Hunt urges that this Court can properly assert supplemental jurisdiction over the beneficiary determination per 28 U.S.C. § 1367(a). *Id.* at 5, ¶ 6. He also argues that Ms. Lane is not a necessary party under Rule 19. *Id.*

The Court construes this as a Motion to assert jurisdiction over and adjudicate the beneficiary issue. The Court, having carefully considered the brief and the applicable law, denies the Motion for the following reasons.

*First*, the Court determines Cherilyn Lane's and Evan O'Neal's due process rights would be violated without a proper opportunity to be heard. Mr. Hunt cites to *McConnell v. Glenn's Truckign Serv.*, No. 02-cv-0232, Doc. 57, MCA/LAM (D.N.M. Mar. 30, 2004), for the proposition that a federal court can assert supplemental jurisdiction over a beneficiary dispute despite it being a state law cause of action and despite the domestic relations exception. There is a significant distinction between that case and this one, however. Judge Armijo determined that making a beneficiary determination—in that case regarding parental rights—required notice and a reasonable opportunity to be heard by all affected beneficiaries. *Id.* at 8. Only because the potential beneficiaries had been added as parties to the case and submitted briefing on the summary judgment motions did Judge Armijo conclude due process was met in her case and the court was able to adjudicate the dispute. Here, neither Cherilyn Lane nor Evan O'Neal are

parties, nor have they had any opportunity to speak even on the question of this Court's jurisdiction, let alone the substance of the matter.

Mr. Hunt argues that it would be more efficient for this Court to determine this issue now, especially given the volume of briefing already submitted. On the surface this may seem true, but given the due process consideration and the need to add parties to the suit, the Court disagrees that it would be particularly efficient to adjudicate the beneficiaries in this action.

*Second*, the Court is persuaded the state court is the better venue for adjudicating this issue. In *McConnell*, the federal court considered a more straight-forward question of New Mexico law: whether the father of the deceased fell within the definition of "abandonment, desertion, or non-support that would preclude [him] from recovering" any settlement proceeds. *McConnell*, at 9. Here, the Court is presented a more complex question of paternity involving a multifaceted inter-state fact pattern and, potentially, a difficult conflict of law problem. This is an inquiry best left to state courts which routinely deal in these family law matters.

*Third*, the Court, finding that all matters conferring federal jurisdiction have been resolved and will be dismissed, declines jurisdiction over the remaining state-law claim pursuant to 28 U.S.C. § 1367(c)(3). This tort action is before the Court based on diversity jurisdiction. As the parties have represented, they have settled the questions of negligence and damages. (Doc. 184) at ¶ 5; (Doc. 186) at 2; (Doc. 189) at ¶ 4. The Defendants have asked to be dismissed from the case. (Doc. 186) at 3. The Court concludes there is no basis to retain jurisdiction over supplemental issues and, exercising its discretion, declines to assert jurisdiction here.

As the Court previously addressed at length in its prior Memorandum Opinion and Order (Doc. 156), potential beneficiaries enjoy a cause of action arising under state law against personal representatives where the need arises. Because that process better protects Ms. Lane's

3

and Mr. O'Neal's due process rights, because the state court is better situated to adjudicate the merits, and because this Court has adjudicated all claims over which it had original jurisdiction, the Court denies Mr. Hunt's Motion.

The parties are ordered to notify the Court by **Monday, December 19th at 5:00pm** whether they have executed settlement and release agreements and exchanged settlement funds, and if not, by when the parties expect both to be accomplished. Having no remaining issues that implicate federal jurisdiction, the Court will dismiss this action once affirmatively notified of both.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE